# United States District Court

## SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

V.

MANUEL GARCIA

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:16-mj-0397

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  Between on or about April 17, 2016 and March 18, 2016, in Marion County, in the Southern District of Indiana defendant did,

**Count 1**: Coercion or Enticement of a Minor, and

**Count 2**: Receiving Visual Depictions of a Minor Engaged in Sexually Explicit Conduct

in violation of Title 18, United States Code, Section 2422(b) and 2252(a)(2), I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached affidavit

Continued on the attached sheet and made a part hereof.

_Kurt Spivey, Task Force Officer/FBI_

Sworn to before me, and subscribed in my presence

June 10, 2016
**Date**

at   Indianapolis, Indiana

Denise K. LaRue, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

_Signature of Judicial Officer_

## **AFFIDAVIT**

I, Kurt Spivey, a Task Force Officer with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

1. **Affiant:** I, Detective Kurt B. Spivey with the Indianapolis Metropolitan Police Department have been a law enforcement officer for 20 years. I am a Detective in the Cybercrime Unit of the Indianapolis Metropolitan Police Department. I am also a cross designated Task Force officer assigned to the FBI the Indianapolis Violent Crimes Against Children Task Force. During the last 10 years of my career, my primary responsibility has been the investigation of Child Pornography, Child Exploitation, and Child Solicitations. I have been an active member of the Indiana Internet Crimes Against Children (ICAC) Task Force for 10 years.

2. **Training:** As an ICAC member, I have received numerous training opportunities including; ICAC Investigative Techniques, ICAC Undercover Chat, The ICAC National Conference and the Crimes Against Children National Conference. I have also attended the Purdue University On-Scene Forensic Preview Training as well as the TLO Fairplay P2P Course. As an ICAC member, I have received continuous and on-going training through working with other ICAC members who are experts in their field, I attend monthly training meetings, and I gain knowledge and experience from conducting these investigations on a daily basis. In January of 2014, I was appointed to the FBI Child Exploitation Task Force as a Task Force Officer. This position, as well as federal investigations that I have previously conducted, has broadened my experience into the federal system, providing additional case-experience, working knowledge, and training opportunities.

3. **Information provided**: The statements in this affidavit are based on information obtained from my observations and communications, as well as information learned from other law enforcement officers and witnesses, including but not limited to Task Force Officer Darin Odier, a detective who is also assigned to the Indiana ICAC. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant and criminal complaint, I have not included each and every fact known to the investigators concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that Manuel Garcia (GARCIA) committed criminal offenses.

4. **Requested action**: I make this affidavit in support of an application for an arrest warrant and criminal complaint charging GARCIA with the following offenses:

   a. **Count 1**: Coercion or Enticement of a Minor, in violation of 18 U.S.C. § 2422(b); and

   b. **Count 2**: Receiving Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, Indiana, in violation of 18 U.S.C. § 2252(a)(2).

5. **Coercion and Enticement (18 U.S.C. § 2422(b))**: Under the United States Code, it is unlawful for a person to use the mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, or attempt to do so. This statute incorporates both state and federal law in determining whether the underlying sexual activity is a criminal offense, including the federal law prohibiting the sexual exploitation of a child, and attempts to do so (18 U.S.C. § 2251(a).

6. **Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct**: This investigation concerns alleged violations of **18 U.S.C. § 2252**, which generally

prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction, where the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct; and where the visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce.

7. **Child Victim 1**: The pseudonym "CHILD VICTIM 1" represents a 14 year old girl, who lived at all relevant times in the Southern District of Indiana.

8. **Definitions**: The following definitions apply to this Affidavit:

9. "Minor" means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

10. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. *See* 18 U.S.C. § 2256(2).

11. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. *See* 18 U.S.C. § 2256(5).

12. The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

13. "Sexual Misconduct with a Minor" is a violation of the Indiana Code, and the statute prohibits sexual intercourse, other sexual conduct, and / or sexual touching or fondling, between a person who is at least 18 years of age and a child who is 14 or 15 years old. (Indiana Code 35-42-4-9

14. "Facebook" refers to the for-profit corporation and online social networking service based in Menlo Park, California. Its website was launched on February 4, 2004. Since 2006, anyone in general aged 13 and older has been allowed to become a registered user of the website. After registering to use the site, users can create a user profile with a name that the user selects, add other users as "friends", exchange messages, post status updates and photos, share videos, and receive notifications when others update their profiles. Users may also send private messages to each other through a feature called "Facebook Messenger." Facebook Messenger is an instant messaging service and software application which provides text and voice communication. (Source: Wikipedia)

15. **Investigation:** On Tuesday, June 07, 2016, this affiant was assigned a child exploitation investigation which consisted of information received from the National Center of Missing and Exploited Children (NCMEC). The original information received from NCMEC showed that on May 27, 2016, Facebook captured, documented, and reported to NCMEC a text/chat-based conversation between two Facebook users. Facebook submitted two additional reports on June, 01, 2016 with additional information from the same incident.

16. The conversation provided by Facebook Inc. involved a 14 year-old girl using the name of "User Name 1", which is a pseudonym for the actual name on the account, which name is known to law enforcement. "User Name 1" provided a date of birth of xx-xx-2001 and a phone number of 317-xxx-xxxx. "User Name 1" was communicating with a user by the user

name of "Divany Garcia" who used a date of birth of xx-xx-1981 and a phone number of 317-xxx-xxxx. The date of birth, which is known to law enforcement, would have made "Divany Garcia" 34 years of age and he was identified as a male. The online conversations provided by Facebook took place between April 17, 2016 and May 18, 2016.

17. It appeared to this affiant from the text conversation that "User Name 1" and "Divany Garcia" had already engaged in sexual intercourse and/or other sexual conduct. In the conversations, "Divany Garcia" enticed "User Name 1" to send pictures to him on several occasions.

   a. On May 01, 2016, "User Name 1" sent one image and wrote "There's your picture hope your (sic) happy."
   
   b. The image showed a female. The female would later be identified as Child Victim 1, including identification by Child Victim 1 herself.
   
   c. Child Victim 1 is known to be 14 years of age. In the image sent by "User Name 1," aka Child Victim 1, to "Divany Garcia," Child Victim 1 is topless and her breasts are exposed. Child Victim 1 is identifiable by her face in the image.
   
   d. Five other images were provided with the NCMEC report. The images show Child Victim 1 in different poses, to include at least one image depicting a lascivious display of the genitals or public are of Child Victim 1.

18. **Identification of "Divany Garcia:"** A data base search showed that the phone number associated with the account of "Divany Garcia" belonged to Manuel Garcia, DOB xx-xx-1981, who resided at 4866 English Ave., Marion County, Indianapolis, Indiana ( "TARGET ADDRESS"). Indiana Bureaus of Motor Vehicles records also provided a photograph of Manuel Garcia and listed the "TARGET ADDRESS" as his residence.

19. The "TARGET ADDRESS" is located in the Southern District of Indiana.

20. On June 8, 2016, I went to the "TARGET ADDRESS." I spoke to a neighbor, whose identity is known to me. Using a photograph, the neighbor identified Manuel Garcia as living at the "TARGET ADDRESS."

21. **Identification of "User Name 1:"** This affiant also conducted a data base search to identify "User Name 1." A database search of the phone number associated with the account of "User Name 1" showed that the phone belonged to FEMALE 1, who had previously listed the "TARGET ADDRESS" as her residence and who was found dead of apparent natural causes on April 17, 2016. Indianapolis Public School records showed that FEMALE 1 had Guardianship over Child Victim 1. School records included a photograph of Child Victim 1, which matched the images sent by "User Name 1" to "Divany Garcia."

22. Using this information, I was able to determine the identity of the mother of "User Name 1," aka, Child Victim 1. The mother will be referred to in this affidavit as MOTHER.

23. **Interview of MOTHER**: On June 9, 2016, the MOTHER was interviewed by this affiant. The MOTHER identified a picture of Manuel Garcia and provided to law enforcement a recent picture of Child Victim 1. The MOTHER reported that Child Victim 1 was currently at her sister's residence.

24. The MOTHER told this affiant that she previously made a report to the Department of Child Services (DCS) when the MOTHER suspected inappropriate contact between Child Victim 1 and GARCIA. Around the time of that report, Child Victim 1 was interviewed by child abuse professionals, but she denied any sexual contact with GARCIA.

25. **Comparison of Images**: On June 9, 2016 at approximately 1415 hours, this affiant arrived at Indiana State Police Cyber Crimes unit and examined all the images that had

been received from Facebook through NCMEC. The images sent to GARCIA, aka "Divany Garcia," the recent image of Child Victim 1 provided by the MOTHER, and the images from by the school all appeared to this affiant to depict the same individual, who was Child Victim 1.

26. **Interview with "User Name 1," aka Child Victim 1:** On June 9, 2016 at approximately 1530 hours, I conducted an audio-recorded interview with Child Victim 1.

   a. The child that I interviewed was the same person depicted in the images provided by the school, the image provided by the MOTHER and the person depicted in the images sent by "User Name 1" to "Divany Garcia" which were received from NCMEC.

   b. During the interview, I explained to Child Victim 1 that we now had copies of the conversations between "User Name 1" and GARCIA, aka "Divany Garcia," along with the images she had sent him.

   c. Child Victim 1 disclosed that she did use the persona of "User Name 1" on Facebook and added that she knew the persona of "Divany Garcia" to be GARCIA.

   d. Child Victim 1 said that she sent the images in question (those received by this affiant from NCMEC through Facebook) to "Divany Garcia", who is GARCIA.

   e. Child Victim 1 described that GARCIA had engaged in touching of a sexual nature with her, to include conduct that is prohibited under Indiana Law as Sexual Misconduct with a Minor.

27. **Search Warrant:** On June 9, 2016 at 1952 hours, this affiant presented a search warrant and search warrant affidavit to the Magistrate of Marion County (Indiana) Criminal Court 11, who then signed the search warrant. On the same date at approximately 2200 hours,

this affiant and assisting law enforcement officers executed the search warrant at the "TARGET ADDRESS."

28. **Interview with GARCIA**: Upon securing the residence, Manuel Garcia was detained. GARCIA was immediately read the search warrant and placed in the interview room of the mobile forensics unit.

29. Garcia was read his Miranda advisements and he agreed to waive those rights and to speak to this affiant and Task Force Officer Darin Odier. The interview was videotaped and audio-recorded.

   a. During this interview, GARCIA confirmed that he owned and used the phone number of 317-xxx-xxxx. This number provided by GARCIA was the number associated with the Facebook account of "Divany Garcia."

   b. GARCIA also confirmed that he utilized the Facebook account of "Divany Garcia" which was opened with the email address of divarygarcia@hotmail.com.

   c. GARCIA detailed how he knew Child Victim 1, and GARCIA said that he believed that Child Victim 1 was 15 years of age. Several times throughout the interview, GARCIA acknowledged that he knew that Child Victim 1 was too young for a relationship and/or sexual conduct.

   d. GARCIA admitted that he knew that Child Victim 1 used the Facebook account of "User Name 1" throughout their Facebook conversations.

   e. GARCIA remembered the images in question and acknowledged that images were sent to him by Child Victim 1 and that he specifically requested that Child Victim 1 send him those images.

f. GARCIA admitted that he asked Child Victim 1 for these images three times in a pressuring manner.

g. GARCIA verbally acknowledged that he asked for and received from Child Victim 1 images that depicted her "face", "boobs (breasts)", and "pussy (vaginal / pubic area)." GARCIA was shown one of the images of CHILD VICTIM 1 in which she was topless. GARCIA acknowledged receipt of this image from Child Victim 1.

h. With respect to Sexual Misconduct with Child Victim 1, GARCIA admitted to two episodes of sexual touching with Child Victim 1, which would both violate Indiana law regarding Sexual Misconduct with a Minor.

i. GARCIA claimed to not remember some of the touching due to alcohol consumption, but the Facebook chats between "User Name 1" and Divany Garcia" show that GARCIA was able to detail facts of the sexual touching after the touching had occurred, including a specific act that would constitute Sexual Misconduct with a Minor under Indiana law.

j. GARCIA summed up the sexual conduct to Detective Darin Odier by agreeing that during acts of sexual conduct, the penis of GARCIA was in the mouth of Child Victim 1 and GARCIA's penis was inside the vagina of Child Victim 1.

k. The sexual conduct between GARCIA and Child Victim 1 occurred at the TARGET ADDRESS.

l. When discussing the images received from NCMEC, which were sent from "User Name 1" to "Divany Garcia," GARCIA said that he knew that the girl in the images was under the age of 16 and more specifically that the girl in the images

was in fact Child Victim 1. GARCIA told this affiant that he was aware of the identity of Child Victim 1. GARCIA has known the Child Victim 1 for 9 years and lived in the same residence with Child Victim 1 for approximately the last year leading up to the events in question. GARCIA was aware that Child Victim 1 was a minor child at the time of the Sexual Misconduct and at the time that the images were sent by Child Victim 1. GARCIA agreed that Child Victim 1 is "school-aged."

30. Pursuant to the search warrant, an iPhone 6 was seized from GARCIA. On this phone, on-scene forensic investigators found the "Divany Garcia" facebook account. On that phone was a screen shot of the "User Name 1" facebook profile page that belonged to Child Victim 1. On the iPhone 6, the forensic investigators also found an image of Child Victim 1 which was similar to the images sent to this affiant by NCMEC. In that image, Child Victim 1 is wearing a bra but no shirt, and she is holding a towel similar to the one depicted in the images sent to this Affiant by NCMEC.

31. GARCIA used an Iphone 4 and an Iphone 6 to communicate with ~~GIRL 1~~ [Child Victim 1 KBS], while ~~GIRL 1~~ [Child Victim 1 KBS] used a Samsung Galaxy and an Iphone. All of these devices were made outside of the state of Indiana and therefore travelled in interstate commerce. Facebook requires the use of the internet and / or cellular phone signals, which are a means of interstate commerce.

32. All events occurred in the United States / Southern District of Indiana.

_____
Kurt Spivey

Subscribed and sworn before me this 10 day of June, 2016.

_____
Denise K. LaRue
United States Magistrate Judge